Filed 2/9/23  P. v. Richardson CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> DAVID LEE RICHARDSON III, <br><br> Defendant and Appellant. | F084333, F084334 <br><br> (Super. Ct. Nos. BF184465A, BF188486A) <br><br> **OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  David R. Zulfa, Judge.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Poochigian, Acting P. J., Peña, J. and Snauffer, J.

## STATEMENT OF APPEALABILITY

This is an appeal from a final judgment and sentence following no contest pleas which disposed of all issues between the parties. The appeal is authorized under Penal Code[1] section 1237, subdivision (a).

## STATEMENT OF THE CASE

On June 28, 2021, an information was filed in case No. BF184465A alleging David Lee Richardson III: (1) received a stolen motor vehicle (§ 496d, subd. (a); count 1); (2) drove a vehicle without the owner's permission (Veh. Code, § 10851, subd. (a); count 2); and (3) possessed methamphetamine (Health & Saf. Code, § 11377, subd. (a); count 3). Counts 1 and 2 additionally alleged Richardson had suffered: (1) a prior conviction under section 666.5, subdivision (a); (2) a serious felony enhancement under section 667, subdivision (a); and (3) a strike conviction under section 667.

On December 22, 2021, a complaint was filed in case No. BF18886A alleging Richardson: (1) received a stolen motor vehicle (§ 496d, subd. (a); count 1); and (2) possessed fentanyl ((Health & Saf. Code, § 11350, subd. (a); count 2). Count 1 additionally alleged Richardson had suffered: (1) a prior conviction under section 666.5, subdivision (a) and (2) a strike conviction under section 667, subdivisions (c)-(j).

On February 4, 2022, Richardson entered no contest pleas to count 1 in case Nos. BF184465A and BF188486A. He admitted the prior strike conviction in case No. BF184465A and the prior conviction under section 666.5. The parties stipulated to a prison term of five years four months in state prison. The remaining counts were dismissed.

On March 8, 2022, after hearing from Richardson and his attorneys, the trial court denied Richardson's request to withdraw his no contest pleas. It also denied his request for appointment of new counsel. The sentencing hearing was held the same day. The

---

[1] All statutory references are to the Penal Code unless otherwise stated.

trial court imposed the following sentence: (1) case No. BF184465A – the low term of two years doubled to four years because of the strike conviction; and (2) case No. BF188486A – a consecutive 16-month term. Richardson was awarded 63 days of actual custody credits and 62 days of conduct credits in case No. BF184465A. He was awarded 11 days of actual custody credits and 10 days of conduct credits in case No. BF188486A.[2] He was ordered to pay the following fines and fees: (1) $300 restitution fines in both cases; (2) stayed $300 parole revocation fines in both cases; (3) an $80 court operation assessment; and (4) a $60 conviction assessment.

Richardson filed a timely notice of appeal on May 11, 2022. The notice of appeal included both case numbers. Appellant's request for a certificate of probable cause was denied.

On January 31, 2023, we consolidated the appeals in case Nos. BF184465A and BF188486A for opinion.

## STATEMENT OF FACTS

**A.      Case No. BF184465A**

The facts are drawn from the reporter's transcript of the preliminary hearing. On July 19, 2020, F.A. reported to the Bakersfield Police Department that his daughter's Honda motorcycle had been stolen. F.A. estimated the value of the motorcycle was $3,000.

On February 6, 2021, around 5:00 p.m., California Highway Patrol officer Gregory Jorgensen was on patrol near Roberts Lane and Central Avenue in Bakersfield. He saw two individuals on the side of the road pushing a motorcycle. Jorgensen stopped to perform a welfare check. One of the two individuals fled west away from the motorcycle. Richardson stayed with the motorcycle. A records check showed the

---

[2] We note that the abstract of judgment does not reflect these custody credits. Our disposition in this case will direct the trial court to issue an amended abstract of judgment that conforms to its oral pronouncement.

3.

motorcycle had been reported stolen. The motorcycle appeared to have been painted and someone had tampered with the transmission. Wires were exposed revealing copper to connect to a power source. Jorgensen did not see a key to the motorcycle. Richardson said they were trying to get the motorcycle to run by "popping" the clutch, a means of getting the motorcycle engine to start. Richardson said the motorcycle belonged to someone named Ricky and denied knowing the motorcycle was stolen.

## B.     Case No. BF188486A[3]

On November 10, 2021, A.M. reported to the Bakersfield Police Department that his black Ford Focus had been stolen from his place of business. A.M. estimated the value of the vehicle was $10,000.

On November 30, 2021, just before 10:00 a.m., Bakersfield Police Officers Ryan Ryder and Nicholas Haynes responded to a commercial address to investigate a report of individuals asleep in a car in the parking lot. The officers made contact with Richardson, who was still in the car which was identified as A.M.'s Ford Focus. Richardson claimed he was homeless and was sleeping in the car to stay out of the cold. Having learned from a records check that Richardson was on active probation and had a felony warrant, the officers took him into custody. Upon searching him incident to his arrest, Officer Ryder recovered a bindle containing fentanyl from Richardson's right coin pocket.

Richardson then made several spontaneous statements advising he had no idea the vehicle was stolen. He claimed a "Mexican" male subject had been working on the vehicle and allowed him to sleep inside of the vehicle. Richardson also said that several other homeless people had also slept inside the vehicle.

### APPELLATE COURT REVIEW

Richardson's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the

---

[3] The facts are drawn from the Bakersfield Police Department's offense reports.

record independently.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  The opening brief also includes the declaration of appellate counsel indicating Richardson was advised he could file his own brief with this court.  By letter on December 21, 2022, we invited Richardson to submit additional briefing.  To date, he has not done so.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to Richardson.

## DISPOSITION

The judgment is affirmed.  The trial court is directed to amend the abstract of judgment to conform to its oral pronouncement of credits and to forward the amended abstract to the proper authority.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185; *People v. Sanchez* (2019) 38 Cal.App.5th 907, 918.)